The State of Louisiana v. Adam Gardner and Wife.

*The defendant, in a criminal action, is entitled to a reasonable time to move in arrest of judgment.*

APPEAL from the First District Court of New Orleans, *Robertson*, J.   *Morse*, Attorney General, for the State.   *Schmidt*, for the accused.

Spofford, J.   The wife of *Adam Gardner* was found guilty, under an information, for selling spirituous liquor to a slave, without the proper authorization.

It appears from a bill of exceptions, signed by the District Judge, " That immediately after the jury had rendered their verdict, notwithstanding the defendant informed the court, through her counsel, that it was her intention to move in arrest of judgment on various grounds, as well as to apply for a new trial, for reasons which her counsel was not then prepared to set forth and argue, and that she required some time to prepare said motion in arrest of judgment as well as said application for a new trial, the court refused to grant her any time to prepare said applications, and immediately proceeded to sentence her."

In so doing, the court erred.

The right to move for a new trial is guarantied to defendants in the smallest civil cases.   In criminal cases, the same right exists, as also the additional right of moving to arrest the judgment for defects apparent on the record.   These rights may be waived by the parties, but they cannot be denied by the courts. To refuse a reasonable time for the exercise of a right is tantamount to a denial of the right itself.   This is exemplified in the present case.   Some time was waisted in discussing the question, whether the judgment could properly have been arrested.   This discussion was as premature as the judgment.   There is no motion in arrest upon the record ; and we do not sit here to try imaginary issues.

The Act of April 2d, 1832, requires that the fine and costs shall be paid in open court, immediately after the judgment of condemnation shall have been

4

pronounced, not that judgment shall be pronounced immediately after the verdict of guilty shall have been rendered.   Bul. & Cur. p. 71.

According to Hawkins, the rule in the King's Bench, in cases of misdemeanors, was that four days should elapse between the conviction and the judgment, if there were so many days in the term remaining.   Hawkins, b. 2, c. 48, s. 1.

It is said by Chitty, that the court, if they grant a rule *nisi* for a new trial, will, at the instance of the party applying, make it a part of the rule, that the defendant shall have a certain time, *e. g.*, three days, to move in arrest of judgment, after they shall have given their opinion upon the motion for a new trial, or the defendant may obtain a rule in the alternative; though, as the motion in arrest of judgment may be made at any time before judgment is pronounced, it should seem that such a special rule is not necessary.   1 Chitty's Crim. Law, p. 654.

The analogy between criminal and civil proceedings in the English courts, in regard to these matters of practice, is very striking.

Our Code of Practice relates to civil proceedings alone; but, by analogy, it may occasionally afford a safe guide in criminal proceedings.

The District Judges themselves are authorized to make rules of practice to be observed in their own courts, where the laws are silent.

We are not called upon to determine what a reasonable time for the preparation of the motions in question would be; we only say that the Judge erred in refusing to grant any time whatever.

It is therefore ordered, that the sentence pronounced against the defendant herein, upon the 26th of June, 1854, be set aside and annulled as having been prematurely pronounced, and that the cause be remanded with leave to the said defendant to make motions for a new trial and in arrest of judgment, and for further proceedings according to law.