13  276
49  356
13  276
50 1073

THE STATE OF LOUISIANA *v.* JAMES NOLAN.

It is too late after conviction in a criminal case, to raise an objection to a juror for a cause existing anterior to the swearing of the jury.

It is a good cause of challenge on the part of the State, that a juror has conscientious scruples against the infliction of capital punishment.

Where it appears that the accused had sufficient time to have filed a motion containing all his grounds for a new trial, the refusal of the court below to permit additional grounds to be added on the trial of the motion, and to receive evidence in support of them, held not to be a sufficient ground for reversing the judgment.

APPEAL from the First District Court of New Orleans, *Hunt,* J.
*E. W. Moïse,* Attorney General, for the State.    A. *P. Field* and *Blocker,* for appellant.

COLE, J.    The prisoner having been convicted of murder and sentenced to capital punishment, has appealed.    He rests his hope of a reversal of judgment on the following grounds :

1. It appears that one of the jurors had been naturalized in the First District Court of the parish of Orleans ; and appellant attempted to offer in evidence the record of the said court, to prove that said juror took the oath of allegiance on the 21st of October, 1852, for the purpose of showing that he was not a citizen of the United States, and said court had no legal authority to naturalize him.    The court did not err in sustaining the objection to the introduction of this testimony.

If the juror was an alien, it would have been good cause of challenge, but it is too late to object on that ground after conviction.    The objection ought to have been made before he was sworn.    The accused cannot be permitted to save the objection, and take the chances of a verdict and have it set aside, if it be adverse to him, for a cause existing anterior to the swearing of the juror ; by not challenging he waived the objection.    *State* v. *Dick,* 4 An. 182.

It has been held that the incompetency of a juror is not good cause for setting aside a verdict in cases where a juror was an *atheist, not indifferent, not a freeholder, an infant, an alien.    McAllister* v. *State,* 17 Ala. 434 ; *Presbury* v. *Com.* 9 Dana, 208 ; *State* v. *Babcock,* 1 Conn. 401 ; *Hollingsworth* v. *Duane,* 4 Dall. 353.

The copy of the indictment and list of the jury were served on appellant two entire days before the trial.    The design of the law in causing these documents to be served on the prisoner, is to give him an opportunity of investigating the qualifications and characters of the jurors, so as to enable him by a discreet exercise of the right of challenge, to obtain an impartial jury for his trial.

It would be unwise to reverse a verdict on the ground of the objection that one of the jurors was an alien, because he was not naturalized in a competent court, for it is entirely technical.    It does not impugn the fitness or impartiality of the juror, and ought to have been urged before he was sworn, and before the State was at the trouble and expense of a trial.

2. The court did not err in permitting the Attorney General to challenge for cause certain persons, upon the ground that they had conscientious scruples against the infliction of capital punishment.    Those who are unwilling to inflict the punishment imposed by the law, are not good jurors.    11 An. 284.

3. The court properly refused to admit evidence to prove that while the Deputy

Sheriff had charge of the jury, and during the deliberations of the jury, wine and other spirituous drinks were introduced into the jury-room and drank by the jurors, as no such point or ground was in the motion. We do not deem it proper to condemn the refusal of the court to allow the point to be added and made a part of the motion for a new trial, inasmuch as the accused had sufficient time to have filed a motion containing all his grounds for a new trial, and the court may have thought that delay was his only object.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed.