State of Louisiana vs. Hampton.

No. 79.

THE STATE OF LOUISIANA VS. WADE HAMPTON.

When an attempt is made to discredit a witness by showing that he made a contradictory
statement on a previous occasion, it is not sacramental that the exact time of the alleged
contradictory statement should be designated; it is enough that sufficient reference be
made to the circumstances that attended the statement, and to the statement itself, so as
to place the witness fully on his guard.  School Board vs. Trimble, *ante* page 1073.

APPEAL from the Sixth Judicial District Court, parish of Morehouse.
  *Brigham*, J.

The District Attorney, for the State, Appellee.
*Newton & Hall* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.  The motion to dismiss this appeal on the ground that
the transcript was filed too late cannot prevail.  In the order of appeal
the return day was fixed for the 13th of October, 1881, and the transcript
was filed on the 17th of the same month ; the Court not sitting on Sun-
day, the 16th, three judicial days had, therefore, not elapsed since the
return day.

ON THE MERITS.

The accused appeals from a conviction for larceny, and complains,
in a bill of exceptions, of the error of the judge in allowing the State to
introduce testimony for the purpose of contradicting one of his wit-
nesses, by showing that said witness had made previous statements
contradictory to what he had said on the trial, without laying the proper
foundation for such testimony.  Witness for the accused was asked the
following question by the district attorney :  "Did you or not tell James
McGowan, the prosecuting witness in this case, at his gate, that the hogs
found in the hog pen belonging to accused would have been killed du-
ring the night that they were turned out of said pen by McGowan?"
The witness having denied making such a statement, the State then
offered to prove by McGowan that the witness had made the statement
referred to.  Counsel for accused objected, on the ground that proper
legal foundation had not been laid for the admission of such testimony,
the object of which was to impeach and contradict his said witness, and
he reserved his bill to the adverse ruling of the District Judge.

The rule governing this kind of evidence, as laid down by the very
authorities quoted by counsel, requires that the introduction of such
testimony must be preceded by a proper foundation, calculated to protect
the witness sought to be contradicted against an unjust surprise, and to
give him a fair and reasonable opportunity to explain his previous state-
ments and to reconcile them, if he can, with his subsequent statements
made on the trial of the case.

To that end, he must first be questioned touching his previous statements, to which his mind must be directed with certainty, by a detail of circumstances calculated to recall to his mind the particular statements or conversation which are referred to.

In this case, the question propounded to him refers him to a particular statement which he is charged to have previously made to a person properly described and designated with great certainty, at a particular place specifically described, and touching a subject minutely detailed.

As acknowledged by counsel, the only missing link in the question is the time at which the alleged statement was made. And we do not understand that that element is sacramental under the rule, when the witness is otherwise fully informed and cautioned by circumstances sufficiently certain, and evidently calculated to remove all doubts, in his mind, as to the identical conversation sought to be directed to his attention.

We; therefore, hold that, under the circumstances of this case, a proper legal foundation had been laid by the State for the introduction of the proffered testimony, which was properly admitted. Roscoe's Crim. Evidence ; 5 An. 408, Fletcher vs. Fletcher ; 6 An. 596, Paradite vs. Sun M. Insurance Co. ; 10 An. 16, McDowell vs. General M. Insurance Co. ; 13 An. 191, Fletcher vs. Wife ; School Board of Union parish vs. J. E. Trimble, 33 An., not yet reported.

The judgment of the lower court is, therefore, affirmed with costs.