SAMUEL STONE v. STATE OF NEBRASKA.

FILED SEPTEMBER 27, 1919. No. 20878.

Criminal Law: JURY: EXAMINATION. A defendant in a felony case has the right to exercise the statutory number of peremptory challenges, and in order to exercise this right understandingly it is proper for him to ascertain, as nearly as practicable, the disposition of the juror toward him, and toward the subject-matter of the controversy; and any inquiry within reasonable limits which tends to bring to light any bias or prejudice entertained by the juror is proper, but the form of the interrogatories pro-

pounded on abstract questions is within the sound legal discretion of the court, and where an abuse of such discretion is not shown the ruling of the trial court will be sustained.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*William N. Jamieson* and *William E. Lovely,* for plaintiff in error.

*Clarence A. Davis, Attorney General, George W. Ayres, J. B. Barnes* and *Ralph P. Wilson,* contra.

MORRISSEY, C. J.

Defendant is one of the parties mentioned in connection with the death of a peace officer in *Kirk v. State, ante,* p. 484, and *Williams v. State, ante,* p. 710. He prosecutes error from a judgment of the district court for Douglas county, wherein he was sentenced to a term of twenty years in the penitentiary on a conviction of murder in the second degree. The record is essentially the same as in the cases mentioned, and on the points therein presented we adhere to the rulings made.

A point not made in the other records, but presented here, is the ruling of the court on the *voir dire* examination of the jury. Counsel for defendant propounded the following question: "Now, from what you read about this case, did you form any opinion that the crime of murder had been committed because Frank Rooney had been shot?" Objection was made to the form of the question, and the court said: "I don't believe that question is in proper form. Murder is one thing in law, and another thing in popular conception, of course. I will sustain the objection to the question in that form." The question was propounded to another juror. The objection was repeated, and thereupon it was agreed that, without repeating the question to other jurors, defendant would be given the benefit of an exception to the ruling. It is urged that the ruling of the court is prejudicially erroneous, as depriving defendant of an opportunity to elicit information which

might guide him in the exercise of his peremptory challenges.

A defendant in a felony case has the right to exercise the statutory number of peremptory challenges, and in order to exercise this right understandingly it is proper for him to ascertain, as nearly as practicable, the disposition of the juror toward him, and toward the subject-matter of the controversy; and any inquiry within reasonable limits which tends to bring to light any bias or prejudice entertained by the juror is proper, but the form of the interrogatories propounded on abstract questions is within the sound legal discretion of the court, and where an abuse of such discretion is not shown the ruling of the trial court will be sustained. By questions properly framed, defendant was free to elicit information that might be necessary to guide him in the exercise of his peremptory challenges.

The judgment is

AFFIRMED.