BAKER, 1.
Appellant was convicted of the crime of having carnal knowledge of an unmarried woman or girl under the age of 18 years, and was sentenced to imprisonment in the penitentiary for a term of not less than 3 nor more than 4 years.
[1] He presents four bills of exception, the first, second, and fourth of which refer to the same contention; that is, that the court’s ruling on the subject deprived him of the benefit of the evidence of his good character or general reputation for morality and virtue. Bill No. 1 was reserved to a statement made by the judge, in the presence of the jury, while ruling upon an objection made by the prosecuting attorney. The substance of the judge’s statement was that he did not see how the witness, who was then testifying to the good character or reputation of the defendant, could know his character or reputation, or say what other people thought of .him, unless the witness had discussed his character or reputation, and knew from such discussion what ether people thought of it. Bill No. 2 is of no importance. It was reserved to the overruling of an objection to a question propounded by the prosecuting attorney to a character witness on cross-examination. The question asked was whether the witness knew what defendant’s conduct was at times when he, the witness, was not present. The witness did not answer the question. If he had answered, he would have said, of course, that he did not know what the conduct of the defendant had been in his absence. Bill No. 4 was reserved to the refusal of the judge to give the following special charge to the jury, viz. :
“The best evidence of good reputation is where the witness testifies that he has never heard it discussed, questioned, or talked about. The more unsullied and exalted the character is, the less likely is it ever to be called into question.”
[2] The charge requested is a literal quotation from Wharton’s work on Criminal Evidence (10th Ed.) vol. 1, par. 57, and the doctrine has the approval of all text-writers on the subject, and of the courts generally. Wigmore on Evidence, vol. 2, p. 1961, § 1614; 22 C. J. 484. If the judge in this instance was unwilling to go so far as to put such evidence of good character or reputation in the superlative degree, he should have at least instructed the jury that the testimony of the witnesses who had testified to the good .character or general reputation of the defendant, and who had been, ■ by long-continued association with him and his friends and acquaintances, in a position where they would very likely have heard his character or reputation discussed if it had not been good, was worthy of consideration, notwithstanding the witnesses admitted that they had never heard the man’s character or reputation discussed. If such evidence was not worthy of consideration, men and women in the most exalted position or station in society would be deprived of all means of proving, if an occasion should demand proof of, their general reputation for morality or virtue. Not one of the eight witnesses who testified to the good character or general reputation of the defendant in this case had ever heard his character or reputation discussed. The intimate acquaintance and association of each witness with the defendant, and with his friends and acquaintances generally, was such that, some if not all of them would very likely have heard it, if his general reputation or character had not been good. Considering that each witness had admitted, on cross-examination, that he or she had never heard the defendant’s reputation or character discussed, the statement of the judge, in the presence and hearing of the jury, to the effect that the witnesses did not know what defendant’s general reputation or character was, deprived him of the benefit of the evidence of his good reputation.
The special charge requested by defendant’s attorneys was evidently intended to *155 counteract the effect of the statement which the judge had made in the presence and hearing of the jury, substantially, that the testimony of the character witnesses had no value. The instruction requested should have been given to the jury, in substance at least. The judge did not, in his charge to the jury, refer at all to the subject-matter of the special charge that had been requested and refused; that is, to the subject of the so-called negative evidence of good .character or reputation. The evidence was particularly important in this case, because the question of guilt or innocence depended entirely upon the question of veracity between the defendant and the young woman in the case. Our opinion is that the judge’s statement in the presence of the jury, referred to in bill No. 1, and his subsequent refusal to correct it by giving the instruction requested by defendant’s counsel, referred to in bill No. 4, were errors, for which the verdict and sentence should be annulled.
[3] Bill of exceptions No. 3 was reserved to the overruling of an objection to the testimony of a woman who was called by the state as a witness in rebuttal. The avowed purpose of her testimony was to rebut the testimony of the witnesses who had testified to the good character or reputation of defendant for morality, and virtue. The statement- of the witness, in rebuttal, was that, on one occasion, about two years before the date on which this crime is alleged to have been committed, defendant told her that he would like to kiss her and love her, but would not want to go further in such liberties with her; and that he then told her that all working girls wore clothes which their salaries could not pay for, and that, with the advent of women’s suffrage, every woman would have to have some man to look after her, and that every married man had a sweetheart. As the defendant himself was a married man, the testimony complained of was calculated to have great effect on the judgment of the jury. The objection to it, of course, was that it did not refer to the defendant’s general reputation for morality or virtue, but merely accused him of an isolated instance of wrongdoing. Such testimony is not admissible for the purpose of rebutting evidence of a defendant’s good reputation; and it is deemed unfair because a person on trial for a particular crime is not supposed to be prepared to defend himself against any other accusation of wrongdoing. State v. Donelon, 45 La. Ann. 744, 12 South. 922 ; State v. Barrett (on rehearing) 117 La. 1094, 42 South. 513 ; Wigmore on Evidence, vol. 2, p. 1105, § 979, (1), (b); Wharton’s Criminal Evidence (10th Ed.) vol. 1, par. 61, p. 243 ; Greenleaf (16th Ed.) vol. 1, p. 578 ; 10 R. C. L. 953, § 124. Our conclusion is that the overruling of defendant’s objection to such evidence was an error, for which also the verdict and sentence should be annulled.
The verdict and sentence appealed from are annulled, and the case is remanded to the criminal district court for a new trial.