(107 So. 479)

No. 27645.

## STATE v. GUIDRY.

(Feb. 1, 1926.　Rehearing Denied March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Jury** &#9758;131(10)—**Voir dire examination of jurors by counsel under court's supervision has acquired force of law, and rule requiring examination by judge only is not authorized (Rev. St. § 1935).**

While not prescribed by state, voir dire examination of jurors by counsel under court's direction and supervision has acquired force and effect of law by constant repetition and uninterrupted acquiescence, and rule requiring examination by judge only is not authorized by Rev. St. § 1935.

2. **Criminal law** &#9758;641(1).

Right to be heard by counsel, under Const. art. 1, § 9, and Rev. St. § 992, means such right at every stage of prosecution, including examination of jurors.

3. **Jury** &#9758;131(10)—**Rule requiring examination of jurors exclusively by judge held to deny accused's right to examine them, though permitting counsel to suggest questions.**

Rule requiring voir dire examination of jurors exclusively by judge *held* to deny accused's right to examine them, though reserving to his counsel privilege of suggesting questions.

4. **Jury** &#9758;131(10)—**Rule requiring examination of jurors exclusively by judge held in derogation of right of peremptory challenge (Const. art. 1, § 10; Rev. St. § 997).**

Rule requiring examination of jurors exclusively by judge reserving to counsel privilege of suggesting questions, *held* in derogation of accused's right of peremptory challenge, under Const. art. 1, § 10, and Rev. St. § 997.

5. **Jury** &#9758;131(4).

Remedy for delays in selecting juries is for trial judges, who have large discretion in limiting voir dire examination.

6. **Jury** &#9758;131(4)—**Voir dire examination should be confined to particular matter investigated and facts material in selecting jury.**

Voir dire examination of jurors should be confined to legitimate inquiry into particular matter under investigation, taking only range necessary to elicit material facts enabling court and counsel to select jury intelligently.

Thompson, Land, and St. Paul, JJ., dissenting.

Appeal from Fourteenth Judicial District Court, Parish of Beauregard; Thomas F. Porter, Jr., Judge.

Joe Guidry was convicted of perjury, and he appeals. Conviction and sentence set aside, and case remanded for new trial.

Powell & Le Compte, of De Ridder, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, Percy T. Ogden, Asst. Atty. Gen. (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. The defendant was found guilty of perjury and sentenced to imprisonment in the state penitentiary, at hard labor, for a term of not less than 18 months nor more than two years. He relies for the reversal of his conviction and sentence upon four bills of exception, all of which relate to the procedure adopted by the district court in selecting the jury.

After the state and the defendant had declared they were ready for trial, and after the names of three prospective jurors had been drawn from the venire box and they had been sworn on their voir dire, the district judge announced that the selection of the jury in the case would be made in accordance with a rule recently adopted by the court, reading as follows, viz.:

"Examination of jurors on their voir dire shall be conducted exclusively by the judge presiding, reserving to counsel the right to suggest questions to be propounded, to object to questions propounded, and to except to rulings on said suggestions or objections."

Counsel for defendant excepted to the application of the rule on various grounds. His exception was overruled and he reserved a bill. After the 3 prospective jurors had

been examined, and found qualified by the district judge, he tendered them to the state and to the defendant for acceptance or rejection. They were accepted by the state, but counsel for defendant requested permission to examine them directly in order that he might determine whether to challenge peremptorily or for cause. This request was denied, and to the ruling the defendant's second bill was reserved. When the full jury of 12 had been obtained, defendant again objected to the trial of the case, and requested the court to discharge the jury, and that another jury be selected in accordance with the customary procedure governing the selection of juries in criminal cases. The motion was overruled, and defendant took his third bill to the action of the court in so doing. Defendant's fourth and last bill was reserved to the refusal of his motion for a new trial which was based on the alleged irregular and illegal method used in obtaining the jury.

Counsel for the state take the position that the rule in question, not being in contravention of any statutory law, was properly adopted by the court a qua under the general authority given to each judge to make rules for the regulation of his court. Rev. Stat. § 1935; State v. Gardner, 10 La. Ann. 25; Walker v. Ducros, 18 La. Ann. 703.

Per contra, counsel for the defendant contend that said rule is violative of the constitutional and statutory right of an accused to trial by jury, to be represented by counsel, and to challenge jurors peremptorily. Const. art. 1, §§ 9, 10; Rev. Stat. §§ 976, 992, 997. And, further, that it is contrary to the established procedure of the state and is an attempt on the part of the court to usurp legislative powers.

[1] There is a wide variance in American jurisdictions in the method adopted for the examination of jurors on their voir dire. In some of the jurisdictions, the statutes provide for certain specific questions to be propounded to the prospective jurors to test their qualifications. In other jurisdictions, the courts hold that counsel for the defendant cannot insist upon such an examination as a matter of right. Where this rule prevails, the practice is for the judge, on his own initiative or upon the motion of either party, to interrogate the juror asking such questions as he shall deem necessary, or by propounding any question, which he considers proper, submitted to him by counsel on either side. The usual and better practice, however, is to permit counsel to conduct the examination under the direction and supervision of the court. 35 C. J. 397; 16 R. C. L. 246. That is the procedure followed in this state. While it has not been prescribed by statute, it has been the uniform and customary practice in our courts, so far as we are aware, since their organization. As the result of a long series of actions, constantly repeated, and by uninterrupted acquiescence, it has acquired the force and effect of a rule of law governing jury trials in this jurisdiction.

[2] Article 1, § 9, of the Constitution guarantees the right of a person accused of crime to a speedy public trial by an impartial jury, and that he shall have the assistance of counsel in defending himself. Rev. Stat. § 992, also, protects his right to make his full defense by counsel learned in the law.

Under the same article of the Constitution, in section 10, it is provided that in all criminal prosecutions, where the trial is by jury, the accused shall have the right of peremptory challenge, and the number of such challenges allowed him is set forth in Rev. Stat. § 997.

The constitutional and statutory right of being heard by counsel necessarily means the right of having such assistance in every stage of the prosecution. As was said in Donovan v. People, 28 N. E., at page 965, 139 Ill. 415:

"It is often indispensable to an intelligent selection of a fair and impartial jury that the occupation, habits, associations, and predisposition of the juror should be known, so far as they might tend to bias or pervert his judgment."

And, in State v. Cummings, 5 La. Ann. 330, where it was held to have been reversible error for the district court to prohibit the counsel of the prisoner from aiding him in the exercise of his right of peremptory challenge, this court said, at page 332 of the opinion:

"The moment at which perhaps it is most seasonable and necessary that a person accused of a crime should have aid and counsel is that when he is about to be put upon his trial for the offense, and to select the jury for his trial.

"A good counsellor in criminal cases studies the book of man as thoroughly as the statute book, and by that study qualifies himself to aid his client in the selection of the jury to try him as much as by the discharge of his other duties. His better knowledge of men, and better acquaintance with the character, feelings, pursuits, connections, and other relations of those whom chance places on the panel, is an advantage of which his client should have the benefit in making his challenges, since no law prohibits it."

[3, 4] We do not think it can be said, as is argued by counsel for the state, that the right of an accused to examine the prospective jurors is not denied by the rule of court under consideration here, since it reserves to his counsel the privilege of suggesting questions to be propounded by the court. In our opinion, the rule is clearly in derogation of the right of peremptory challenge given to an accused by the laws of the state. The right of peremptory challenge is not a right of selection, but a right to reject. In order to intelligently exercise the right, an accused is entitled, through his counsel, to a reasonable examination of the juror to ascertain the facts as to his competency. The effect of the rule adopted by the district court is to render the right of peremptory challenge unavailing,

because it does not afford as ample an opportunity as does a direct examination to probe the consciences of the jurors. By repetition the questions lose their force and value, and the examination becomes as unsatisfactory as the examination of a foreign witness by the aid of an interpreter.

[5, 6] If, as suggested by counsel for the state, the present method of selecting juries has resulted in the loss of much valuable time, we think the remedy for such abuse is entirely in the hands of the trial judges, who are clothed with a large discretion in controlling and limiting the examination of a juror on his voir dire. In all cases, such an examination should be confined solely to a legitimate inquiry into the particular matter under investigation, taking only such range as is necessary to place the court and counsel in possession of the material facts affecting the juror as will enable them to act intelligently in the selection of the jury.

Our conclusion is that the bills of exception reserved by the defendant show reversible error.

For the reasons assigned, the conviction and sentence herein appealed from are set aside, and this case is remanded to the district court for a new trial.

LAND and ST. PAUL, JJ., dissent.

THOMPSON, J., dissents, and hands down reasons.

THOMPSON, J., dissents, and is of the opinion that the rule of procedure complained of was within the discretion of the judges and is not ultra vires. It violates no constitutional, statutory, or natural rights of an accused party. No objectionable juror was imposed on defendant and he was not deprived of any peremptory challenge and did not exhaust the challenges the law accords him.