FOURNET, Chief Justice.
 

 The defendant, Jasper Brazile, was jointly indicted with one Ruby Johnson for the murder of Floyd Lee Drewett; on appeal from their conviction, the verdict was. annulled and set aside and the case remanded by this Court on the finding that denial of the motion of each to be represented by individual counsel (following appointment of one attorney to represent both defendants) was error in view of the claim of antagonistic statements by the co-defendants allegedly prejudicial to their
 
 *605
 
 respective interests. See State v. Brazile, 226 La. 254, 75 So.2d 856. The trial court thereupon granted a severance; the defendant was again convicted and sentenced to death, and prosecutes this appeal. Although 23 bills of exception were perfected, several were apparently abandoned as defendant presented only ten in his argument as constituting reversible error.
 

 Bills of Exception Nos. 1, 5, 10, 13 and 14 were based on the refusal of the court to excuse prospective jurors L. B. Henry, Earl Carroll, Dewey Dunn, Milton Greer, and W. T. Durham, for cause — the first four because they had formed an opinion as to the guilt or innocence of the accused, and the last named because he was said to be a lifelong friend and neighbor of the deceased.
 

 As pointed out by the author of this opinion as the organ of the Court in the case of State v. Henry, 200 La. 875, 888, 9 So.2d 215, 219, “It is specifically declared in the Code of Criminal Procedure that a partial juror may be challenged for cause ‘but an opinion as to guilt or innocence of the accused, which is not fixed, or has not been deliberately formed, or that would yield to evidence, or that could be changed, does not disqualify the juror.’ Article 351. It is only where a prospective juror’s opinion as to the guilt or innocence of the accused is so fixed that it would influence his verdict that he may be considered disqualified because of such opinion and challenged for 'cause. * * * Even though he has formed an opinion as to the guilt or innocence of the accused from discussions participated in or from reading about the same in the newspapers, the prospective juror is competent if, having no prejudice against the accused, he can lay aside that opinion. Particularly is this so where he states under oath that he is able to and will try the case only on the evidence adduced during the course thereof. * * * Furthermore, a
 
 prospective juror’s competence or incompetence cannot be limited to isolated answers given during the course of his examination. It must be judged from his entire examination.
 
 * * ” (Italics ours.)
 

 An examination of the entire evidence annexed to the respective bills we think clearly supports the trial judge’s conclusion that the first four jurors mentioned above met the foregoing test, and therefore the exceptions were properly overruled.
 

 We think that the trial judge also correctly ruled that juror W. T. Durham was not disqualified to serve in this case because, as stated in his per curiam, a reading of the juror’s entire examination clearly shows that the relationship between him and the deceased was not such as to lead to a reasonable belief that it would influence the juror in coming to a verdict for or against the accused.
 

 The next bill argued by counsel, Bill of Exception No. 4, was reserved when the
 
 *607
 
 prospective juror Robert Johnson was being tested as to his qualifications; he having previously answered that he could read and write and had a seventh grade education, counsel for the defendant announced to the court that he wanted to probe the juror on that phase of the case and handed him a document, asking him if he could read it, to which counsel for the State objected
 
 “on the ground that it was improper examination”
 
 and the objection was sustained by the trial judge. (Emphasis supplied.)
 

 One of the several qualifications specifically set out in the Code of Criminal Procedure (now Chapter 1, Title 15, Revised Statutes) to be met in order to serve as a grand or petit juror in the courts of this State is that the person be “able to read and write the English language,” LSA-R.S. 15:172, the lack of which qualification is a cause for challenge, LSA-R.S. 15:350; and the time for urging the incompetency of a juror, from whatever cause, is “before the juror is sworn in,” LSA-R.S. 15:355 or the objection to the person, though good cause for challenge, will be considered as waived. State v. Bryan, 175 La. 422, 143 So. 362; State v. Robinson, 37 La.Ann. 673; State v. Harris, 30 La.Ann. 90; State v. Nolan, 13 La.Ann. 276; State v. Kennedy, 8 Rob. 590; see 35 C.J. 364, Verbo Juries, Sec.
 
 4041/2;
 
 50 C.J.S., Juries, § 251. For the purpose of - ascertaining the qualifications 'of a prospective juror the defendant is accorded the right of examination, LSA-R.S. 15:357, such examination to “be conducted in the manner as now provided by existing laws”, LSA-R.S. 15:349.
 

 The purpose of allowing challenges for cause is to secure a fair and impartial trial and the right exists independent of any statutory provision since it is an incident of the trial by jury. The Legislature, in adopting those provisions of the Code of Criminal Procedure treating of that subject, merely codified the law in existence at the time of the adoption of the Code as a means of readily securing to the accused a fair and impartial trial by jury, as guaranteed by the Constitution. Hence the rule, universally obtaining, that the defendant has the right to have jurors examined as to their qualifications for the purpose of showing grounds for challenge for cause, and also, within reasonable limits, to elicit such facts as will enable him intelligently to exercise his right of peremptory challenge, and it is error for the court to exclude questions which are pertinent for either purpose. 35 C.J. 386, 387, Verbo Juries, Secs. 432, 434; 50 C.J.S., Juries, 273; State v. Henry, 196 La. 217, 198 So. 910; State v. Guidry, 160 La. 655, 107 So. 479. In the latter case the Court very aptly observed: “In order
 

 to intelligently exercise the right [of challenge], an accused is entitled, through his counsel, to a reasonable examination of the juror to ascertain the facts as to his competency. * * *
 
 ”
 
 160 La. at page
 
 *609
 
 659, 107 So. at page 481; and, irrespective of the fact that the defendant in that case had not exercised the challenges which the law accords and therefore was not deprived of any peremptory challenge, the Court nevertheless held that the ruling of the trial judge was violative of the right of accused to challenge jurors and constituted reversible error.
 

 We agree with the statement of counsel for the State that the question of a juror’s qualification is addressed to the sound discretion of the trial judge. His ruling is, however, subject to review; and while it will be sustained unless the discretion allowed him is shown to have been unwisely exercised, nevertheless considerable latitude must of necessity be allowed in the examination of jurors and the trial judge is without right to unduly curtail that examination.
 

 The examination of the prospective juror Robert Johnson, in our opinion, was proper, for we can conceive of no better method of determining a person’s ability to read and write than to subject him to the test. We cannot, therefore, approve the reasoning of the trial judge that it was highly improper for defense counsel to have submitted to the juror the document to test his ability to read simply because it was unidentified. While it may have been better practice for the document to have been first handed to the district attorney or to the judge, before presenting it to the prospective juror, we know of no law that requires such action — and counsel was not requested to submit it to the district attorney or to the judge at the time of the ruling. The note of evidence is unfortunately limited, affording us imperfect means of determining whether or not the juror was in fact qualified; the record does show, however, that the juror was later excused by the defendant, forcing him to use one of the peremptory challenges which he is accorded by law; and that, having exhausted all of his peremptory challenges, defendant was compelled to accept a juror obnoxious to him. He is therefore entitled to have the conviction set aside and to be given a new trial.
 

 Having reached this conclusion it is unnecessary to consider the other bills of exception as they will probably not be presented in a new trial.
 

 For the reasons assigned, the conviction and sentence are annulled and set aside, and the case is remanded for a new trial in accordance with law.