McCALEB, Justice.
 

 Prior to the third trial of defendant for murder,
 
 [1]
 
 his counsel filed a motion to recuse the district attorney and his assistants for the reason that the second assistant district attorney, Edwin O. Ware, had served as one of the defense counsel at the first trial, this occurring before Mr. Ware’s appointment as an assistant district attorney. In advance of the hearing, Mr. Ware filed a motion that he be recused in view of his previous participation in the first trial. The court granted this motion and ordered that Mr. Ware be recused.
 

 Despite the recusation of Mr. Ware, defendant insisted that the district attorney and his other assistant be recused, the theory being that, since Mr. Ware is doubtless in possession of vital information concerning the case, there is a possibility that he might have divulged material matters to the district attorney and his staff to the great prejudice of the defense.
 

 
 *93
 
 The trial judge acceded to this view, being of the opinion that, due to Mr. Ware’s previous relation. with defendant and his present position in the district attorney’s office, it would be prejudicial to defendant’s rights to allow the district attorney and his other assistant to continue to prosecute the case as there is a possibility that Mr. Ware might have divulged to the district attorney some of the highly privileged information given him. Accordingly, he sustained the motion to recuse and the -State has prosecuted this appeal from the adverse ruling.
 
 [2]
 

 We think that the judge was in error. The causes for recusation of a district attorney, which are set forth in Article 310 of the Code of Criminal Procedure, R.S. 15:310, cover three separate categories. The only one which could possibly have any bearing on this case is the second cause which provides for the recusation of the district attorney if he “ * * - * shall have been employed or consulted as attorney for the accused before his election or appointment as district attorney; * * Neither the district attorney nor his first assistant has ever been employed or consulted as attorney for -defendant at any time and the fact that Mr. Ware, who has recused himself, .is .presently employed a.s .the second assistant district attorney affords no ground at all for the recusation of either the district attorney or his first assistant, as they can only be recused for one of the grounds prescribed by law. See State v. Boasberg, 124 La. 289, 50 So. 162.
 

 Nor is there basis for recusation . in the charge that there .is a possibility that Mr. Ware has violated the confidential, relationship existing between attorney and client. Indeed, it is to be presumed that he, as a member of the bar in good standing, has and will respect the defendant’s confidence.
 

 In support of the motion to recuse, defense counsel have cited State v. Buhler, 132 La. 1065, 62 So. 145; State v. Tate, 185 La. 1006, 171 So. 108 and State v. Henry, 200 La. 875, 9 So.2d 215. None of these cases is applicable here. The' last two are wholly without pertinence and the ruling in State v. Buhler, that an assistant district attorney cannot conduct the prosecution when the district attorney is recused, was founded on Act 74 of 1886 specially authorizing the appointment of. attorneys to represent the State in civil and criminal matters when the district attorney, for any cause, cannot or will not act.
 
 [3]
 
 The r.a
 
 *95
 
 tionale of the opinion is that Act 74 of 1886 “does not contemplate that an assistant district attorney shall act when his principal cannot act because of his recusation.” [132 La. 1065, 62 So. 148] But the reverse of the situation does not obtain— the recusation of the subordinate does not require the disqualification of his principal.
 

 The judgment appealed from is reversed; the motion to recuse is overruled and the case remanded for further proceedings in accordance with law.
 

 [1]
 

 . He' has twice been convicted and sentenced to death but in each instance . 'this Court, on appeal, set aside the conviction and ordered a new trial. See State v. Brazile, 226 La. 254, 75 So.2d 856 and 229 La. 600, 86 So.2d 208.
 

 [2]
 

 . Properly so, the right of appeal being specifically given the State by R.S. 15:-313.
 

 [3]
 

 . In this connection see R.S. 15:311, superseding Act No. 74 of 1886, which reads in part:
 

 “In the event of the recusation, absence or disability of any district attorney, the district judge shall appoint a lawyer having the qualifications óf a district attorney of said district to act in the place of said recused district attorney, during the time of his absence or disability;