CHARLES J. ODEN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

90 N. W. 2d 356

Filed May 31, 1958. No. 34387.

W. O. Baldwin, for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an error proceeding brought here from the district court for Gage County by Charles J. Oden. Oden was charged in the district court with having unlawfully operated a motor vehicle upon a public street in Gage County on April 28, 1957, while under the influence of alcoholic liquor. A jury found Oden "guilty as charged." After his motion for new trial had been overruled and after the trial court had found it was his third such offense, Oden was sentenced to serve not less than 24 nor more than 30 months in the State Reformatory, his driver's license was revoked, and he was ordered not to operate a motor vehicle until after 1 year had elapsed following his final discharge from such sentence.

It should be stated that the charge made against Oden, who will hereinafter be referred to as defendant, contained a statement that it was his third offense of operating a motor vehicle while under the influence of alcoholic liquor and, after being convicted, defendant admitted to the trial court, before sentence was imposed, that that was true.

The principal question raised by defendant is, did he have a right to have his counsel personally conduct a voir dire examination of the prospective jurors? At the beginning of the trial defendant's counsel requested permission of the trial court to personally conduct the voir dire examination of the jury and to be permitted to personally ask questions of the individual jurors. This request the trial court refused. The trial judge did, however, examine the jurors, both individually and collectively, as to their qualifications to serve and permitted counsel for both sides, through him, to submit questions to them in regard thereto.

Apparently this court has never passed directly on this question but has often inferred that such right existed.

See, Basye v. State, 45 Neb. 261, 63 N. W. 811; Van Skike v. Potter, 53 Neb. 28, 73 N. W. 295; Wilson v. State, 87 Neb. 638, 128 N. W. 38; Stone v. State, 103 Neb. 712, 174 N. W. 303; Strong v. State, 106 Neb. 339, 183 N. W. 559; Nama v. Shada, 150 Neb. 362, 34 N. W. 2d 650; Trebelhorn v. Bartlett, 154 Neb. 113, 47 N. W. 2d 374. As stated in Van Skike v. Potter, *supra:* "It is true that a litigant has the right to examine a person called as a juror for the purpose of ascertaining whether or not there exists grounds for challenging such person for cause." And in Nama v. Shada, *supra,* we said: "The right of counsel to interrogate jurors on their voir dire examination, in order to determine whether or not it is expedient to challenge any of them peremptorily, within proper limits, cannot be denied."

Other state courts that have passed on this question are divided in regard thereto. As stated in 50 C. J. S., Juries, § 276, p. 1055: "While the statutory mode of examination must be followed where applicable, the conduct of the examination is under the supervision and direction of the court, and in some jurisdictions, but not in others, the court may assume exclusive conduct of the examination, without permitting counsel personally to examine the jurors." In many states the procedure relating thereto is specifically controlled by statute. That is not the situation in this state. However, in some states where it is not controlled by statute the courts have come to opposite conclusions. See, State v. Guidry, 160 La. 655, 107 So. 479; State v. King, 158 S. C. 251, 155 S. E. 409. As stated in State v. Guidry, *supra:* "There is a wide variance in American jurisdictions in the method adopted for the examination of jurors on their voir dire. In some of the jurisdictions, the statutes provide for certain specific questions to be propounded to the prospective jurors to test their qualifications. In other jurisdictions, the courts hold that counsel for the defendant cannot insist upon such an examination as a matter of right. Where this rule prevails, the practice is

for the judge, on his own initiative or upon the motion of either party, to interrogate the juror asking such questions as he shall deem necessary, or by propounding any question, which he considers proper, submitted to him by counsel on either side. The usual and better practice, however, is to permit counsel to conduct the examination under the direction and supervision of the court. 35 C. J. 397; 16 R. C. L. 246. That is the procedure followed in this state. While it has not been prescribed by statute, it has been the uniform and customary practice in our courts, so far as we are aware, since their organization. As a result of a long series of actions, constantly repeated, and by uninterrupted acquiescence, it has acquired the force and effect of a rule of law governing jury trials in this jurisdiction." In federal courts the procedure is controlled by Rule 47(a), 28 U. S. C. A. 480. See Paschen v. United States, 70 F. 2d 491.

Our Constitution provides, insofar as here material, that: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel * * * and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Art. I, § 11, Constitution of Nebraska. As we said in Wilson v. State, *supra*: "It is unnecessary for us to repeat what is provided by our constitution, and so often declared by all the courts of the land, including this one, that in all criminal cases an accused is entitled to a fair and impartial trial by an impartial jury, and that it is the sworn duty of the courts to see that that right is scrupulously maintained."

To safeguard this constitutional right the Legislature has provided for peremptory challenges and challenges for cause. §§ 29-2005, 29-2006, 29-2007, 29-2008, 25-1609, 25-1636, R. R. S. 1943.

In Basye v. State, *supra,* we said: "One object of the voir dire examination is to ascertain whether the mind of the venireman is entirely free from bias, or prejudice, and whether he would make a competent juror. But the

purpose of such examination is not alone to ascertain whether sufficient grounds for challenge for cause exist, but as well to enable the accused to properly exercise his right to challenge peremptorily." And later, in Strong v. State, *supra,* we said: "The principal purpose of the voir dire examination is to ascertain whether the proposed juror is free from bias or prejudice, and whether he is in such attitude of mind with respect to the case in hand that he would be a fair and impartial juror. With this end in view, it is the policy of the law to give to the parties ample opportunity to question the venireman upon matters bearing upon his competency, and questions which tend to show his attitude of mind and feelings should not be unreasonably abridged. And as each party has the right to exercise a certain number of peremptory challenges, it is proper, within reasonable limits, to propound questions which, in the judgment of the respective parties, may assist them in the exercise of that right. The extent to which the examination may be carried rests in the sound discretion of the trial court, and its ruling will not be disturbed unless there has been an abuse of discretion to the prejudice of the party complaining."

We think the following from Donovan v. People, 139 Ill. 412, 28 N. E. 964, is here applicable: "By the laws of this State the right of peremptory challenge in criminal cases is given to the People equally with the defendant, and its exercise by the People, in the exclusion of improper persons from jury service, is frequently as important, and quite as necesasry to the due administration of justice, as it is to the defendant for his protection. In either case, it is often indispensable to an intelligent selection of a fair and impartial jury, that the occupation, habits, associations and predisposition of the juror should be known, so far as they might tend to bias or pervert his judgment. To deprive a party, whether the People or defendant, of an intelligent exercise of the right, is practically to take away the right. And every lawyer

experienced in the trial of causes knows that to its intelligent exercise a reasonable examination of the juror is frequently absolutely necessary.  If this may not be done, the People and defendant alike must take all who are not subject to challenge for cause, or resort to peremptory challenge indiscriminately, and without that knowledge, easily within reach, if reasonable examination is permitted, which would enable them to exercise the right intelligently.  The defendant is guaranteed, in every criminal case, a trial by a fair and impartial jury, and society is equally interested in the selection of none other; and in view of this object to be attained in impaneling the jury, the law-making power of the State has deemed it wise to give the right of peremptory challenge, to be exercised in the discretion of the party entitled, and the courts are not authorized to limit or restrict the right, or prescribe rules which shall render it unavailing.  Such reasonable examination by counsel should always be allowed as will enable the court to see that the jurors stand indifferently between the parties and are possessed of the requisite qualifications, and also to enable counsel to challenge for cause, if cause exists, or to exercise the right of peremptory challenge when in their judgment it is deemed necessary or advisable. The court may also examine the jurors, if he sees fit to do so, and if not otherwise satisfied of their competency or impartiality, should always make such examination as will satisfy him thereof.  Such has been the uniform practice in the courts of this State, so far as we are aware, since its organization, subject always to the restriction and limitation that the examination by counsel must be reasonable and confined to pertinent matters, inquiry into which will tend to enlighten court and counsel in respect of the fitness and competency of the juror."  The court therein went on to say:  "The examination should, in all cases, be confined to a legitimate inquiry into the particular matter under investigation, and taking range enough only to put the court

and counsel in possession of such material matters affecting the juror as will enable them to act intelligently in the selection of the jury. The nature and extent of the inquiry in each case is necessarily left to the sound judgment and judicial discretion of the presiding judge." As later stated by the same court in People v. DeLordo, 350 Ill. 148, 182 N. E. 726: "While a trial judge has a discretion to limit the extent to which attorneys may go in their examination of jurors, he has no right to deny a defendant the right to make all such reasonable inquiries of a juror as may enable him to determine whether or not such juror will be free from bias and prejudice in exercising his judgment in the case and as will enable the defendant to exercise his right of peremptory challenge intelligently."

We think the usual and better practice is to permit counsel for both sides to conduct the voir dire examination under the direction and supervision of the court. That is the procedure that has been uniformly and customarily practiced in our courts, as far as we are aware, since their organization and has been kept in force by section 25-1106, R. R. S. 1943, which provides: "The general mode of summoning, impaneling, challenging and swearing the jury is not changed by this code."

In view of the foregoing we think the procedure relating to the voir dire examination of prospective jurors requires the trial court to give each of the parties the right, within reasonable limits, to put pertinent questions to each and all of the prospective jurors for the purpose of ascertaining whether or not there exists sufficient grounds for challenge for cause and also to aid each of the parties in the exercise of the statutory right of peremptory challenge. The trial court's refusal to grant defendant this right was prejudicial error.

Since the cause must go back for retrial we find no need to discuss the facts or other questions raised.

REVERSED AND REMANDED.