274 So.2d 381 (1973)
STATE of Louisiana
v.
Walter Howard BROWN.
No. 53074.
Supreme Court of Louisiana.
March 8, 1973.
Richard R. Storms, Ruston, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant, Walter Howard Brown, was tried by a jury and convicted of the crime of manslaughter, La.R.S. 14:31. He was sentenced to serve fifteen (15) years in the state penitentiary. During the proceedings, the defendant perfected three bills of exceptions. However, on this appeal he urged only one bill of exceptions to obtain a reversal of his conviction and sentence.
*382 Prior to the trial of the defendant, the District Attorney filed a motion to recuse the Assistant District Attorney for the reason that the Assistant District Attorney, O. L. Waltman, Jr., had served as one of the defense counsel just three months prior to joining the District Attorney's office. The trial court recused Mr. Waltman, but declined the defendant's motion to recuse the District Attorney, Mr. Ragan D. Madden, citing State v. Brazile, 231 La. 90, 90 So.2d 789 (1956) for authority.
Despite the recusation of Mr. Waltman, defendant insisted that the District Attorney be recused, the theory being that, since Mr. Waltman is doubtless in possession of vital information concerning the case, there is the possibility that he might have divulged material matters to the District Attorney and his staff to the great prejudice of the defense. Defendant further argued that failure of the trial court to also recuse the District Attorney was a violation of the Louisiana State Bar Association Code of Professional Responsibility and Canons of Judicial Ethics, Article 16, Canon 5, Disciplinary Rule 5-105(B) and (D).[1] Counsel asserts that with the adoption of Article 16 on July 1, 1970 by the State Bar Association and the Supreme Court approval, State v. Brazile, supra, was overruled.
The mere fact that an assistant district attorney previously represented an accused does not ipso facto require disqualification of the District Attorney in the criminal proceeding. Especially, as here, where the Assistant District Attorney was not called upon to use against his former client any confidential knowledge gained through their former association, no prejudice could result to the accused.
In the instant case, defendant has failed to provide any proof, beyond the bare allegation, that the District Attorney based the prosecution of the defendant on any facts wholly or partially acquired through the Assistant District Attorney's prior professional relation as the defendant's attorney. The motion merely advanced the conclusion that the Assistant District Attorney's employment by the District Attorney was prejudicial to the defendant and on that account the defendant believed he could not receive a fair trial. Such a conclusionary statement did not require the trial court to recuse the District Attorney. See 27 C.J.S. District and Prosecuting Attorneys § 12(6)c, p. 664. Neither has the defendant demonstrated that the District Attorney gained any confidential knowledge through the former association of the Assistant District Attorney and the defendant, or that the Assistant was called upon to use any such knowledge either in the investigation or the actual trial proceedings.
Furthermore, the defendant does not indicate any occurrence during the trial which in any manner demonstrated that the District Attorney possessed any confidential knowledge that might have been relayed *383 by the recused Assistant District Attorney. The absence of any such demonstration reinforces the conclusion that the trial court did not err in its ruling.
Accordingly, we hold that the District Attorney's participation in this proceeding was not a denial of a fair trial, nor was there any violation of the Louisiana State Bar Association Code of Professional Responsibility, Article 16, supra. The bill of exceptions is without merit.
For these reasons, the conviction and sentence are affirmed.
NOTES
[1] DR 5-105 Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer. (A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C). (B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client except to the extent permitted under DR 5-105(C). (C) In the situations covered by DR 5-105 (A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each. (D) If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment.