354 So.2d 566 (1978)
STATE of Louisiana, Appellee,
v.
Edward LEWIS and Ignatius W. Red, Appellants.
No. 60559.
Supreme Court of Louisiana.
January 30, 1978.
*567 Jasper N. Pharr, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants were convicted of distribution of heroin, La.R.S. 40:966, and sentenced to life imprisonment. Upon their appeal, they rely upon six assignments of error. For reasons to be stated, we find no reversible merit is presented by them.
Context Facts
Officer Bethay, acting as undercover agent, arranged to purchase some cocaine from the defendants Red and Lewis ("Fats," whom Bethay believed to be named Thomas Brown). He purchased three packets of a brown substance. Upon subsequent laboratory analysis, this substance turned out to be mostly heroin, the distribution offense with which the defendants are charged (although it had been "cut" i. e., diluted, with cocaine).
Before the purchase, Bethay field tested the substance with a cobalt reagent in the presence of the defendants. When it turned a slight blue, signifying the presence of the drug, he agreed to purchase the packets.
After the purchase, for police record and laboratory-testing purposes, he placed the packets in an evidence envelope and marked it with an identifying name. He wrote down the identification of "Thomas Brown," which he mistakenly thought was the name of the defendant Lewis.
Three months before the present trial, an earlier trial had resulted in a mistrial because the jury was hopelessly deadlocked as to the defendants' guilt or innocence. The most serious assignment (5) is based upon the trial court's failure to allow the defendants the opportunity to explore differences in the testimony of a witness at the later trial, as compared with his testimony in the first.
Assignment 5
At the earlier trial, Officer Bethay had testified that in the field test before his purchase, he used the cobalt test, which is used to test for cocaine; and that the test was positive showing the presence of cocaine, since it turned slightly blue, showing "not much, just a little" cocaine. At the present trial, the officer stated that the test "gave a positive indication for the presence of cocaine or heroin; I wasn't sure of what it was at this time; they both give the same reaction."
(To repeat, the defendants are charged with distribution of heroin, not cocaine.)
The assignment relates to attempts by the defendants to attack the officer's credibility by showing the discrepancy between his present testimony and his inconsistent testimony at the prior trial. La.R.S. 15:493. The officer was asked whether, on the previous trial, he had testified only that the cobalt test was used for cocaine and that the substance tested was positive for cocaine (i. e., with no indication that the test was also used for and positive as to heroin, as was his present testimony).
In a series of inconclusive responses, the officer sought to explain or else denied remembering his former testimony. Accordingly, *568 since the witness did not "distinctly admit making" the prior statement, La.R.S. 15:493, the defendant sought to introduce a copy of the page of the transcript of the former trial in which such statement was made.
The defendant was entitled to impeach the officer's credibility by proof of this prior inconsistent statement, which the witness did not fully admit making. La.R.S. 15:493; State v. Rudolph, 332 So.2d 806 (La.1976); State v. Caldwell, 251 La. 780, 206 So.2d 492 (1968). The state's objection that the present trial testimony was the best evidence, is clearly without merit and should have been overruled. The very purpose of proving the prior inconsistent statement is to raise doubt as to the correctness of the present testimony, insofar as inconsistent with the earlier statement.
Nevertheless, we ultimately conclude that the error is not reversible: In the first place, the witness himself read aloud to the jury his testimony from the transcript of the former trial, in attempting to explain itfrom the colloquy as a whole, the jury was fully informed that of the officer's prior inconsistent testimony, at the same time as the officer sought to explain it. In the second place, the field test at the scene of the purchase concerned a peripheral issue; it was stipulated that the purchased substance in fact contained heroin (as verified by subsequent laboratory tests), and the evidence explains that the substance purchased contained both heroin and cocaine.
Other Assignments
The remaining assignments do not require extended comment:
Assignments 4 and 7 complain of the admission into evidence of the three packets identified as containing heroin purchased from the defendants. The defendants contend that the heroin was not sufficiently identified as the substance purchased from them because of (a) the initial field test showing that it contained cocaine and (b) the labelling of the evidence envelope in the name of "Thomas Brown" rather than of the defendant Lewis.
Under the evidence in the case, these discrepancies were explained. The evidence as a whole established it to be more probable than not that the objects introduced were those purchased from the defendant, the prerequisite for its admissibility. Once this prerequisite for admissibility is met, doubts as to the positive identification present a jury issue as to the sufficiency of the evidence, leaving it to the trier of fact to determine whether the weight of the evidence does or does not prove the identity of the objects introduced with those sold by the defendants. See: State v. Rittiner, 341 So.2d 307 (La.1975); State v. Franks, 284 So.2d 584 (La.1973); and decisions therein cited.
Assignments 6 and 8 relate to the curtailment of cross-examination of state witnesses as repetitious (Assignment 6) or irrelevant (Assignment 8). We find no abuse of discretion or reversible error presented by these assignments.
Assignment 11 relates to the denial of a new trial, sought on the basis of the alleged trial errors previously discussed. Since we have found no such errors, the assignment is without merit.

Decree
We therefore affirm the convictions and sentences.
AFFIRMED.