# CLYDE AUTRY, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Nov. 28, 1967.

Certiorari Denied by Supreme Court April 15, 1968.

Dwayne D. Maddox, Huntingdon, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The plaintiff in error, defendant, Clyde Autry, was convicted of malicious shooting in the Circuit Court of Carroll County and sentenced to two years in the State Penitentiary. His son, James Autry, was convicted of assault and battery in the same trial, but a motion for new trial was granted in his case and it is not before us.

The question presented on this appeal is whether or not the special prosecutor was disqualified to participate in the trial because the relation of attorney and client had existed between him and the defendant and he had received confidential communications from the defendant.

About four months before the trial, defendant's counsel suggested that the defendant and his son employ Honorable Joe Davis of Lexington to assist in his de-

fense. They went to Mr. Davis' office and discussed his employment. It is their testimony that they talked for about an hour and disclosed all of the facts and witnesses, and discussed how the case would be tried. In their discussion of the fee, the defendant says the attorney fixed it at $800, but the defendant offered $500. They were unable to agree on a fee and that ended their negotiation.

Three days before the trial, Mr. Davis was employed by private interests to assist in the prosecution. At that time, he did not recall that the defendant had been to see him or anything about such a case. When the question was raised at the trial, he remembered that the defendant had been in his office, but he did not recall whether or not the son was present. He says he talked briefly with the defendant and did not discuss the details of the case, but saw that it would be a felony case and fixed a fee.

Under the conflict in the testimony of the attorney and the defendant with reference to the conversation, the trial court held that they had not discussed the details or the facts of the case, and he overruled the motion made by the defendant to bar the special prosecutor from further participation in the case. By this ruling, the trial judge found that the special prosecutor had received no confidential communication and that the relation of attorney and client did not exist.

■ ■ While this question is not found in our reported cases in a criminal case, it has been passed upon in other jurisdictions. It has long been firmly established, both in the Canons of Professional Ethics and by judicial opinions, that attorneys cannot represent conflicting interests or undertake to discharge inconsistent duties.

When an attorney has once been engaged and received the confidences of his client, he cannot enter the services of those whose interests are adverse to that of his client or former client. The rule is a rigid one, and it is well that it is so. An attorney cannot be permitted to participate in the prosecution of a criminal case if, by reason of his professional relation with the accused, he has acquired knowledge of facts upon which the prosecution is predicated, or which are closely interwoven therewith.

But a conditional employment by accused, or a mere discussion of a proposed employment, without any confidential communication having passed between them, does not disqualify. 27 C.J.S. District and Prosecuting Attorneys § 29(1), p. 727. See Bennett v. State, 96 Fla. 237, 118 So. 18; Emerson v. State, 54 Tex.Crim. 628, 114 S.W. 834; State v. Lewis, 96 Iowa 286, 65 N.W. 295.

In Yancey v. State, 41 Okl.Cr. 197, 271 P. 170, it is said:

"* * * It is well settled that an attorney cannot represent adverse interests, and the inhibition is strictly enforced. The authorities are in effect that, where an attorney, even where no fee has been agreed upon, demanded, or asked, and though the services rendered are gratuitous, yet if he has discussed the case with his client or proposed client, or voluntarily listened to his statement of the case, he is thereby disqualified to accept employment on the other side of the case. Steeley v. State, 17 Okl.Cr. 252, 187 P. 821, * * *.

"An attorney, however, is not disqualified where he does not represent or accept employment by the de-

fendant, nor assume to do so, and does not discuss nor voluntarily hear the preliminary statement of the defendant, but, where the services of an attorney are sought by one accused of crime, and he merely ascertains the charge and fixes a fee, which is not paid nor promised, and as a consequence the employment is not consummated, certainly this mere seeking of his services, his inquiry as to the nature of the charge as a basis for the fixing of a fee does not disqualify him."

In Russell v. State, 185 Miss. 464, 189 So. 90, the Court stated:

"If it were true, as testified by the attorney, that he had never discussed the facts of the case with the appellant and the employment was never consummated, then the trial court was not in error in holding that the relation of attorney and client had never existed; but it should be clearly understood that the question of whether a fee is raised is not the test as to the competency of an attorney to testify where he has been consulted in a professional capacity and has given advice of any nature or character whatever relating to the case."

In this case the defendant was already represented by most competent counsel. He did not go to Mr. Davis for advice, but solely for the purpose of employing him to assist in the trial of the case some months later. He did not seek or receive any advice from this attorney. It is reasonable to believe that the conversation was confined to the matter of fixing a fee, and that Mr. Davis learned nothing of a confidential nature or anything that would embarrass the defendant in the trial of the case.

■ The trial judge did not abuse his discretion in permitting the special prosecutor to participate in the trial. The point presented a delicate question, but, as the special prosecutor testified and the Court found, he had not discussed the details of the case with the defendant, there were no confidential communications between them. The special prosecutor was, therefore, not disqualified.

The assignment is overruled and the judgment of the trial court affirmed.

GILLIAM and OLIVER, JJ., concur.