**STATE of Iowa, Appellee,**

**v.**

**Stephanie OROZCO, Appellant.**

**No. 55238.**

Supreme Court of Iowa.

Nov. 15, 1972.

Rehearing Denied Jan. 10, 1973.

Robert H. Shepard and D. Bradley Kiesey, Mason City, for appellant.

Richard C. Turner, Atty. Gen., and Fred Haskins, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

RAWLINGS, Justice.

Defendant, Stephanie Orozco, was charged with perjury in three counts, tried and accordingly found guilty. She appeals from judgment entered on each count. We affirm.

The charges against defendant originated in the robbery trial and conviction of her husband, Anthony Allen Orozco. See State v. Orozco, 190 N.W.2d 830 (Iowa 1971).

Testifying as an alibi witness for her spouse, the accused stated she was employed, worked a regular shift the day of the aforesaid robbery, that Anthony had provided transportation to and from her place of employment, and they spent the entire evening together. That testimony later proved to be false.

At time of arrest defendant had no attorney so the presiding trial judge appointed James E. Coonley, Jr. to represent accused at arraignment only. By affidavit Coonley asserts he discussed with Stephanie neither facts of the case nor merits of her defense, ascertaining only the course of action she wished to take at arraignment. Defendant thereupon stated she wanted to be represented by a designated attorney and desired a continuance, immediately requested by Coonley and granted.

Prior to trial of the case Richard Allbee, Coonley's office associate, was elected county attorney. He appointed Coonley an assistant.

At start of trial Allbee and Coonley appeared for the State. Defense counsel promptly moved they be required to withdraw. That motion was overruled. Prior, however, to empaneling of the jury the two prosecutors withdrew from courtroom participation and were replaced by an assistant attorney general.

Issues raised on appeal are, trial court erred in (1) permitting Allbee and Coonley to engage in any prosecutorial activities, (2) refusing to instruct the jury that if it found admittedly incorrect testimony was given in a good faith belief it was true, defendant must be acquitted, (3) imposing excessive punishment.

I. In support of her assignment regarding participation by Allbee and Coonley in the instant prosecution defendant leans heavily on the confidential nature of an attorney-client relationship. She cites The Code 1971, Section 610.14; Court Rule 119; ABA Canons of Professional Ethics 6, 37; Informal Opinion 885, ABA Standing Committee on Professional Ethics (November 2, 1965).

It is at once self-evident we deal here not with a technical error, but rather with a delicate subject relating to conduct of the bar, the administration of justice, and basic rights of an accused.

█ It is generally understood an attorney may not participate in the prosecution of a criminal case if, by reason of personal relations with an accused, he has acquired knowledge of facts on which the prosecu-

tion is based or which are closely interwoven therewith, or has formally appeared for defendant though no fee has been agreed on or requested, and despite the gratuity of services rendered or to be performed. See Corbin v. Broadman, 6 Ariz. App. 436, 433 P.2d 289, 292–293 (1967); State v. Leigh, 178 Kan. 549, 289 P.2d 774, 777 (1955); State v. Miner, 128 Vt. 55, 258 A.2d 815, 819 (1969); 7 Am.Jur.2d, Attorneys at Law, § 154; 27 C.J.S. District & Pros. Attys. § 12(6) c.

More specifically, as the court said in State v. Leigh, *supra*: "An attorney cannot be permitted to participate in the prosecution of a criminal case *if, by reason of his professional relations with the accused, he has acquired knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith.*" (Emphasis supplied).

█ It instantly appears the only information conveyed by defendant to Coonley because of the aforesaid limited appointment was that accused desired benefit of other counsel and for that purpose wanted a continuance. This is a far cry from knowledge of facts upon which the prosecution was foundationed.

Stated otherwise, Coonley could not have been called upon, in the prosecution of this case, to have used information obtained as a result of prior professional association with defendant.

· Pursuing the matter one more step it appears Coonley was but "nominally employed" to act on defendant's behalf, i. e., to represent Mrs. Orozco for purpose of arraignment only. Counsel made no attendant investigation of accused's defense and developed no confidential status as a result of any consultation. See State v. Lewis, 96 Iowa 286, 295–296, 65 N.W. 295 (1895). See also State v. Howard, 118 Mo. 127, 24 S.W. 41, 43 (1893); State v. Brazile, 231 La. 90, 90 So.2d 789, 790 (1956); Yancey v. State, 41 Okl.Cr. 197, 271 P. 170, 171 (1928); Autry v. State,

430 S.W.2d 808, 809 (Tenn.Cr.App.1967); Kizzee v. State, 166 Tex.Cr. 191, 312 S.W. 2d 661, 663–664 (1958); Annot., 31 A.L.R. 3d 953, at 968–973.

Prosecuting attorneys ought always, however, be above suspicion and the conduct of Coonley and Allbee cannot, in this case, be looked upon with favor. On the other hand, no prejudice to defendant resulted therefrom.

We find in the subject assignment no cause for reversal.

II. By instructions 7, 9 and 10 the trial jury was told, with regard to each of the three counts here involved:

"Before the defendant can be convicted of the crime of perjury as charged in Count I (II, III), of the Information, the burden is upon the State to prove by the evidence beyond a reasonable doubt each and all of the following propositions:

"1. That the defendant was under oath lawfully administered in a trial in the District Court of Iowa, in and for Franklin County, the same being Criminal Case No. 2030, wherein the State of Iowa was plaintiff and Anthony Allen Orozco was defendant.

"2. That at said time the defendant testified substantially as follows: That her husband Anthony Allen Orozco took her to work at the I.O.O.F. Home in Mason City, Iowa, at approximately 11:00 A.M., on December 15, 1969.

"3. That said statement was false.

"4. That such false statement was willfully and intentionally given by the defendant with the intent that it be taken as true and with knowledge that it was false.

"5. That said offense was committed by the defendant on or about June 5, 1970, in Franklin County, Iowa.

"If the State has established each and all of the foregoing propositions by the evidence beyond a reasonable doubt, you should find the defendant guilty of perjury as charged in Count I (II, III), of the Information. But if the State has failed to establish any one or more of the foregoing propositions by the evidence beyond a reasonable doubt, you should acquit the defendant on Count I (II, III), of the Information."

But defense counsel contends trial court erred in refusing to give two instructions requested.

The court was thereby, in essence, asked to tell the jury this defendant could not be convicted of perjury if she testified falsely as to existence of facts in the honest, good faith but mistaken belief they were true.

■ In this regard we have repeatedly held, requested instructions may be properly refused if a point thereby raised is substantially given or covered by those submitted. See e. g., State v. Grady, 183 N.W.2d 707, 719 (Iowa 1971); State v. Shipley, 259 Iowa 952, 957–958, 146 N.W.2d 266 (1966).

In light of the foregoing we are satisfied the instructions solicited were in substance adequately covered by those submitted.

■ Significantly, the jury was told by instructions 7, 9 and 10 it must find, beyond a reasonable doubt, the testimony upon which each charge of perjury was premised was false and that such statement was willfully and intentionally given by defendant with the intent it be taken as true, knowing it was false.

■ As here employed the term "willfully and intentionally" clearly means purposely, deliberately, knowingly, not by accident or mistake. See State v. Dunn, 199 N.W.2d 104, 107 (Iowa 1972); State v. Shipley, 259 Iowa at 957, 146 N.W.2d at 269. See generally State v. Deets, 195 N. W.2d 118, 122 (Iowa 1972).

Moreover, instructions given specifically told the jury any false statement by defendant must have been made "with knowledge that it was false". This phrase unequivocally signifies a perception or awareness by accused of the falsity of testimony given by her upon which the perjury charges were predicated. See "knowledge", Black's Law Dictionary, pages 1012–1013 (rev. 4th ed.); Webster's Third New International Dictionary, Unabridged, page 1252; 51 C.J.S., pages 537–541. See also State v. Mayle, 136 W.Va. 936, 69 S. E.2d 212, 215 (1952); Annot., 88 A.L.R.2d 852, 884.

It is thus evident trial court's instructions repeatedly embraced the material elements contained in defendant's requests. Though not phrased precisely as desired by her, those given undoubtedly sufficed.

■ III. Neither is there merit in defendant's contention to the effect imposition of concurrent sentences of imprisonment for not more than 10 years on each charge for which convicted constitutes excessive punishment. See Code § 721.1.

Discussion will only serve to unnecessarily extend this opinion and serve no useful purpose. The instant assignment must be resolved adverse to defendant under recent pronouncements by this court. See e. g., State v. Johnson, 196 N.W.2d 563, 571 (Iowa 1972); State v. Bragg, 192 N.W.2d 810 (Iowa 1971). See generally ABA Standards Relating to Sentencing Alternatives and Procedures, § 2.5(c)(iii) and Commentary n. at 107–108 (Approved Draft 1967), and Supplement at 2–3 (1968).

Affirmed.