STATE of Iowa, Plaintiff–Appellee,

v.

James CALLENDER,
Defendant–Appellant.

No. 87–1640.

Court of Appeals of Iowa.

May 23, 1989.

James Callender, pro se.

Thomas J. Miller, Atty. Gen., and Julie A. Halligan and Charles N. Thoman, Asst. Attys. Gen., for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Defendant-appellant James Callender appeals from his jury conviction of assault with intent to commit sexual abuse causing bodily injury in violation of Iowa Code section 709.11 (1987).

Defendant was charged with first-degree kidnapping in violation of Iowa Code section 710.1(3) and two counts of third-degree sexual abuse in violation of Iowa Code section 709.4(1) based upon the victim's contention that on December 11, 1986, defendant confined her in his car and forced her to have sexual intercourse on two occasions. As stated, he was convicted of assault with intent to commit sexual abuse causing bodily injury.

Defendant filed a pretrial motion to remove the Woodbury County Attorney's office as prosecutor and a motion to dismiss the trial information. Both motions were grounded upon contentions that J. Keith Rigg, the Assistant Woodbury County Attorney who filed the trial information, had a conflict of interest due to his employment at the public defender's office when defendant sought its counsel in December 1986.

The trial court appointed a special prosecutor from the Attorney General's office but denied the motion to dismiss. The court stated no actual attorney/client relationship existed between Mr. Rigg and the defendant and no information providing the basis for the trial information was obtained by Mr. Rigg while employed by the public defender's office. The rulings were affirmed at a second hearing during which defendant produced a letter sent to him from the Iowa Committee on Professional Ethics and Conduct indicating it was improper for Mr. Rigg to participate in defendant's prosecution given his earlier staff position at the public defender's office. The court again stated defendant failed to show any prejudice resulting from the "improper" conduct.

On appeal, defendant contends the trial court erred by (1) denying his motion to dismiss the trial information, (2) denying his motion for mistrial following the victim's emotional outburst while testifying, (3) charging the jury with a legally erroneous third-degree kidnapping instruction, and (4) failing to instruct the jury on a lesser-included offense of assault with intent to commit sexual abuse causing no bodily injury. In addition, defendant claims he was unconstitutionally subjected to double jeopardy and denied effective assistance of counsel.

Our review of issues dealing with constitutional rights violations consists of an independent evaluation of the totality of the circumstances which is equivalent to a de novo review. *State v. Schubert,* 346 N.W.2d 30, 32 (Iowa 1984). On the other issues, our review is limited to the correction of legal errors. Iowa R.App.P. 4.

■ I. Generally, an attorney may not participate in the prosecution of a criminal case if, by reason of personal relations with an accused, he has acquired knowledge of facts on which the prosecution is based. *State v. Orozco,* 202 N.W.2d 344, 345–46 (Iowa 1972). Defendant argues the trial court should not only have appointed a special prosecutor to his case, but should have dismissed the trial information filed by Mr. Rigg to correct the improper conduct.

We find defendant has failed to prove any prejudice to the substance of his case

or that the trial information was based on testimony or facts improperly obtained by Mr. Rigg while employed with the Woodbury public defender's office. *Id.* at 346. Defendant does not direct us to any portion of the information which is not a product of proper police investigation stemming from the victim's version of the facts or the defendant's own version voluntarily given to the police. Defendant testified at the hearing he told the public defender the same version of the facts he relayed to the police. The trial court's substitution of a special prosecutor cures any appearance of impropriety. There has been no further showing of a defect in the information which prejudiced the defendant.

Defendant suggests the failure to convict him on the original kidnapping or sexual abuse charges indicates if the trial information had been dismissed, another untainted prosecution would not have been refiled on those charges. The special prosecutor was free to request amendments to or dismissal of charges in the trial information. No such requests were made. At trial, the prosecutor presented witnesses and their testimony relating to events of December 10 and 11, 1986, substantially in accordance with the trial information. The motion to dismiss was properly denied absent a showing the trial information was tainted or defective due to Mr. Rigg's improper conduct in filing the document.

■ II. The trial court has considerable discretion in determining whether a motion for mistrial should be granted or denied. *State v. Hamilton*, 335 N.W.2d 154, 160 (Iowa 1983). The trial court denied defendant's motion for a mistrial after the victim made the following emotional outburst on cross-examination:

JONES [defense counsel]: From that time on through the first—the first of the sex acts you talked about, did you ever pass out?

M.M.: No, sir. I blanked out.

JONES: You blanked out?

M.M.: It's a hard thing to remember.

JONES: I understand that. But—

M.M.: I have to live with it every day, every single day. It interferes in every part of my life.

The court is found to have abused its discretion only when defendant shows prejudice which prevents him from having a fair trial. *State v. Trudo*, 253 N.W.2d 101, 106 (Iowa 1977). Generally, an admonition to the jury to disregard inadmissible testimony is sufficient to cure any prejudice, and the trial court made such an admonition to the jury in this case. *See Hamilton*, 335 N.W.2d at 160. The trial court was in a better position to observe the matter complained of and its effect on the jury. Based on the record, we find the trial court's denial of the motion for mistrial did not constitute an abuse of discretion.

III. Defendant next contends the following jury instruction for kidnapping in the third degree was legally erroneous because it could be interpreted to require an actual occurrence of sexual abuse which both parties agree is not an element of the offense under Iowa Code section 710.4 (1987):

You must find the defendant not guilty of kidnapping in the third degree, unless you find the State has proved by evidence beyond a reasonable doubt, each of the following elements:

1. That on or about the 11th day of December 1986, the defendant confined or removed [M.M.] from one place to another with the intent to subject her to sexual abuse.

2. That the defendant did so, knowing he did not have consent of [M.M.] to do so.

If you find the State has proved beyond a reasonable doubt each and all of the elements, then you will find the defendant guilty; but if you find the State has failed to prove beyond a reasonable doubt one or more of the elements, then you shall proceed to determine whether the defendant is guilty of false imprisonment.

■ We find no merit in defendant's argument on several grounds. First, defendant did not preserve error for appeal as he failed to object to the instruction when it

was submitted. *See State v. LeCompte,* 327 N.W.2d 221 (Iowa 1982). However, we will address the merits as this failure to preserve error provides one basis for defendant's ineffective assistance of counsel claim.

■ Second, having compared this instruction with the proper code section, case law, and the uniform jury instruction it was patterned after, we conclude this contention of the defendant is without merit. The instruction specifically states the "intent to subject [the victim] to sexual abuse" while the first-degree kidnapping instruction required proof of sexual abuse actually occurring. *See* Iowa Code § 710.4 (1987); *State v. Morrison,* 368 N.W.2d 173, 175 (Iowa 1985); Uniform Jury Instr. (Crim.) No. 1006 (1983); Dunahoo, *The New Iowa Criminal Code: Part II,* 29 Drake L.Rev. 491, 555–56 (1979–80).

■ Third, even if the instruction was erroneous, defendant cannot prove he was prejudiced by this error. Kidnapping in the third degree is a class "C" felony, and defendant was convicted of assault with intent to commit sexual abuse resulting in bodily injury, also a class "C" felony. Iowa Code § 710.4 and 709.11 (1987). Consent of the victim rather than whether or not a sex act occurred was the issue in this trial. Clearly, the jury's failure to convict on the lesser kidnapping charge cannot be attributed to what defendant contends was a legally erroneous instruction, but was due to a lack of evidence on the confinement element on the kidnapping charge.

■ IV. We similarly find defendant failed to preserve error on the trial court's failure to instruct the jury on the lesser-included offense of assault with intent to commit sexual abuse causing no bodily injury. The record reveals the following dialogue occurred between the trial court and defense counsel prior to submission of the instructions to the jury:

> ... the Court now does provide counsel with the final draft of the instructions in this case and will inquire of the State whether it has objections to or modifications or amendments to the final draft of the instructions.

MR. THOMAN: Your Honor, the State has no objections to the final draft and takes no exceptions to the instructions.

THE COURT: Does the defense have objections to take or wish to amend or modify the instructions in the final draft?

MR. JONES: No, Your Honor. We have no objections or exceptions to the final instructions.

Defendant does not contend he requested or was denied submission of the lesser-included offense instruction. Defendant cannot now raise an objection to the absence of this instruction. *State v. Burkett,* 357 N.W.2d 632, 634 (Iowa 1984); *State v. Goff,* 342 N.W.2d 830, 837 (Iowa 1983); *State v. Rouse,* 290 N.W.2d 911, 914 (Iowa 1980).

■ V. We now address defendant's contention he was unconstitutionally subjected to double jeopardy or double punishment due to the filing of the trial information charging him with first-degree kidnapping and two counts of sexual abuse in the third degree. He contends the sexual abuse charges are lesser-included offenses stemming from the same incident which provided the basis for the kidnapping charge and therefore he could not be charged with all three offenses.

If the defendant had been convicted and sentenced on the kidnapping and sexual abuse charges, this argument would have some merit. *See State v. Davis,* 328 N.W.2d 301, 307 (Iowa 1982) (defendant could not be convicted of first-degree kidnapping based upon sexual abuse and also second-degree sexual abuse stemming from the same incident as such conviction would violate Iowa Code section 701.9 (1987)). In this case, defendant was convicted of a single different offense and he can point to no separate prosecution arising out of the same incident which might provide a basis for a double jeopardy claim. *See and compare Lamphere v. State,* 348 N.W.2d 212, 218 (Iowa 1984); *State v. Kaufman,* 265 N.W.2d 610, 618 (Iowa 1978); *State v. Birkestrand,* 239 N.W.2d 353, 363–64 (Iowa 1976); *State v. Gilroy,* 199 N.W.2d 63 (Iowa 1972). Because we find no merit to defendant's claim of error, any conten-

tion of ineffective assistance of counsel based on this issue is also without merit.

■ VI. Defendant's claim of ineffective assistance of trial counsel is based on counsel's failure to preserve error regarding the prosecutorial misconduct, double jeopardy, third-degree kidnapping jury instruction, and lack of an instruction on assault with intent to commit sexual abuse with no bodily injury issues. We have found the first three alleged errors to be without merit. However, as to the last ground, we find the present record insufficient to determine a claim of ineffective assistance of counsel based on failure to preserve error. *State v. Davis,* 328 N.W.2d 301, 308 (Iowa 1982). Defendant's conviction is upheld without prejudice to a postconviction claim of ineffective assistance of counsel based on the lesser-included jury instruction issue.

AFFIRMED.

SCHLEGEL, P.J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I agree with Division I and II of the majority opinion.

I concur specially with Division III. The defendant was not found guilty of kidnapping in the third degree. I therefore find he has shown no prejudice and I would reject his claim it added inflammatory substance to the charges to the jury.

I specially concur with Division IV because I find error was not preserved.

I concur with Division V.