**Edward L. MCKINNEY Plaintiff,**

v.

**David MCMEANS, Defendant.**

**No. 00–2556–D.**

United States District Court,
W.D. Tennessee,
Western Division.

May 14, 2001.

---

Terry L. Wood, Wilson Hinton & Wood, Corinth, MS, for Edward L. McKinney, Plaintiff.

G. Coble Caperton, Rice Smith Amundsen Caperton & Khumalo, Memphis, TN, for David C. McMeans, Defendant.

James Allen, Memphis, TN, Pro se.

## ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

DONALD, District Judge.

Defendant, David McMeans, filed a motion pursuant to Formal Ethics Opinions 84–F–65 and 81–F–9, and Disciplinary Rule 5–102, requesting the Court to disqualify Plaintiff's counsel, Terry Wood, because of a conflict of interest and his status as a potential witness. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). For the following rea-

sons, the Court denies Defendant's motion to disqualify Plaintiff's counsel.

## I. Factual Background

Plaintiff, a resident of Mississippi, and Defendant, a resident of Tennessee, entered into a "Shareholder Agreement" on August 25, 1993. The Shareholder Agreement set forth Plaintiff's and Defendant's rights and obligations as the sole shareholders in EZ Auto Exchange, Inc., a Tennessee corporation. Plaintiff's counsel in the instant case prepared the Shareholder Agreement and performed legal work for EZ Auto Exchange, Inc. from October 1993 through August 1995. On June 26, 2000, Plaintiff filed a complaint with this Court, alleging Defendant's breach of the Shareholder Agreement. On February 2, 2001, Defendant filed a motion to disqualify Plaintiff's counsel pursuant to Formal Ethics Opinions 84–F–65 and 81–F–9, and Disciplinary Rule 5–102.

## II. Legal Standard

■ In deciding a motion to disqualify, a district court must exercise its judgment with an eye toward "upholding the highest ethical standards of the profession, protecting the interest of the litigants in being represented by the attorneys of their choosing, protecting the loyalty and confidences [of clients], and the overriding societal interests in the integrity of the judicial process." *Bartech Indus. v. Int'l Baking Co.*, 910 F.Supp. 388, 392 (E.D.Tenn.1996) (citing *Manning v. Waring, Cox, James, Sklar and Allen*, 849 F.2d 222, 224 (6th Cir.1988) (further citations omitted)). A federal district court's authority to disqualify attorneys derives from two sources. First, attorneys are governed by the local rules of the court in which they appear.[1] *Bartech Indus.*, 910 F.Supp. at 392. Second, because motions to disqualify affect a party's substantive rights under *Erie*, such motions are decided by applying standards developed under federal law. *Id.*; *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1316 (3d Cir.1993). Generally, federal law has adopted the ethical rules promulgated by the Supreme Court in which the federal court sits or announced by the national profession and embodied in the ABA Model Rules of Professional Conduct and the ABA Code of Professional Responsibility. *See Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir.1994); *In re Dresser Indus., Inc.*, 972 F.2d 540, 543, 544 (5th Cir.1992).

■ Deciding a motion to disqualify counsel requires the court to determine (1) whether a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) whether the subject matter of those relationships was/or is substantially related; and (3) whether the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield*, 900 F.2d 882, 889 (6th Cir.1990) (citation omitted).

■ Further, in a motion to disqualify, the movant has the burden of proving that opposing counsel should be disqualified. *Bartech Indus.*, 910 F.Supp. at 392 (citations omitted). Although it need not hold an evidentiary hearing, the court must satisfy itself that an adequate evidentiary record exists, permitting later appellate review. *Id.* (citing *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 710 (6th Cir.1982)). Similar to a deciding a motion for summary judgment, courts

---

1. The Western District of Tennessee, by Local Rule 83.6(e), has adopted the ABA's Code of Professional Responsibility as promulgated and amended by the Supreme Court of Tennessee.

rely on sworn affidavits and other evidence in the record, but may not decide disputed issues of fact. *General Mill Supply Co.,* 697 F.2d at 710.

### III. Discussion

The record before this Court contains memoranda both for and against disqualification and affidavits from Defendant, Plaintiff, and Plaintiff's counsel. Defendant asserts that because EZ Auto Exchange, Inc. employed Plaintiff's counsel, an attorney-client relationship existed between Defendant, as a founding shareholder, and Plaintiff's counsel. (Defendant's Memorandum in Support of Motion to Disqualify at 2). Conversely, Plaintiff's counsel asserts that no attorney-client relationship existed between Defendant and Plaintiff's counsel, because Plaintiff's counsel neither met Defendant nor discussed the Shareholder Agreement with Defendant. (Plaintiff's Memorandum in Support of Response at 1; Plaintiff's Affidavit para. 1.) Plaintiff's counsel emphasizes that he never worked for Defendant personally.

■ Deciding this motion to disqualify, the Court will apply the three-pronged test set forth in *Dana Corp. v. Blue Cross & Blue Shield,* 900 F.2d 882, 889 (6th Cir.1990). First, the Court must determine whether a past attorney-client relationship existed between Defendant and Plaintiff's counsel. EZ Auto Exchange, Inc. submitted a $463.20 check to Plaintiff's counsel on January 31, 1994. In addition, Defendant asserts that EZ Auto Exchange, Inc. paid Plaintiff's counsel through Plaintiff, (Defendant's Affidavit para. 4.) According to ABA Model Rule of Professional Conduct 1.13, an attorney "employed or retained by an organization represents the *organization.*" Model Rules of Prof'l Conduct R. 1.13 (2000) (emphasis added). According to this "en-

tity" rule, where a lawyer represents a corporation, the client is the corporation, *not* the corporation's constituents. *Jesse v. Danforth,* 169 Wis.2d 229, 485 N.W.2d 63, 66 (1992). In *Jesse,* a law firm assisted twenty-three shareholders in creating a corporate entity and continued to serve as the corporation's counsel. Later, the corporation retained the law firm to defend against a suit brought by two of the shareholders. Finding that the law firm represented the corporation and not the shareholders individually, the Wisconsin Supreme Court denied disqualification. *Jesse,* 485 N.W.2d at 66. Similarly, in the instant case, the evidence reveals that Plaintiff's counsel represented EZ Auto Exchange, Inc., and had little, if any, contact with Defendant. Defendant's affidavit states that "the corporation," not Defendant, paid Plaintiff's counsel's fees. (Defendant's Affidavit para. 5), and the Court finds this evidence inadequate to demonstrate that an attorney-client relationship existed between Defendant and Plaintiff's counsel. Therefore, Defendant failed to satisfy the first prong of the three-pronged test.

For the sake of thoroughness, however, the Court continues with the analysis. Defendant would satisfy the second prong, because the litigation involves a breach of the same Shareholder Agreement for which the alleged attorney-client relationship was forged. Nevertheless, Defendant would fail to satisfy the third prong, because there is no evidence that any confidences were exchanged. According to Formal Ethics Opinion 81–F–9, quoting *Autry v. State,* 1 Tenn.Crim.App. 95, 430 S.W.2d 808 (1967),

It has long been firmly established, both in the Canons of Professional Ethics and by judicial opinions, that attorneys cannot represent conflicting interests or undertake to discharge inconsistent duties.

When an attorney has once been engaged and receives the confidences of his client, he cannot enter the services of those whose interests are adverse to that of his client or former client. The rule is a rigid one and it is well that it is so.

Defendant states that he "discussed" the Shareholder Agreement with Plaintiff's counsel, but does not elaborate upon the nature of the discussion. The Court cannot know whether Defendant and Plaintiff's counsel ever exchanged any meaningful confidences, worthy of the Court's protection. Thus, Defendant fails to sustain its burden with respect to the first and third prongs of the three-prong test. Accordingly, the Court **DENIES** Defendant's motion to disqualify.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to disqualify Plaintiff's counsel.