# IN THE COURT OF APPEALS OF IOWA

No. 16-1206
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BENJAMIN ROYER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Terry R. Rickers, Judge.

On direct appeal, the defendant challenges his convictions and sentences.

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND REMANDED.**

Alexander Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Benjamin Royer appeals his convictions for operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2015); leaving the scene of an accident resulting in injury, in violation of Iowa Code sections 321.261 and 321.263; driving while barred as a habitual offender, in violation of Iowa Code sections 321.560 and 321.561; and driving while revoked, in violation of Iowa Code section 321J.21. He raises several challenges to his convictions and sentences, and we address them in turn.

I.

We begin first with the facts and circumstances of the offenses. This case arises out of a 2015 car accident. Royer was operating a motor vehicle and failed to stop at a stop sign. A van struck Royer's vehicle, causing several injuries to Royer, Royer's passenger, Scott Hall, and the occupants of the van. Royer exited the vehicle, fled the scene, and went to a nearby apartment complex. Police Sergeant James Archer found Royer. Archer observed Royer had bloodshot eyes and slurred speech. Archer detected the odor of an alcoholic beverage on Royer's breath. Before Royer was taken to the hospital for medical treatment, Archer asked Royer to take a preliminary breath test (PBT). Royer refused once he learned no one died in the accident. He refused again when Archer suggested taking the breath test could establish his sobriety. After Royer received medical treatment at a local hospital, Iowa State Patrol Trooper Durk Pearston transported Royer to the local police station. Pearston asked Royer if he would to take a PBT, and Royer declined. At the time of the accident, Royer's

driver's license was barred as a habitual offender and revoked pursuant to chapter 321J.

Royer was charged with operating while intoxicated, third offense, leaving the scene of an accident causing injury, driving while barred as a habitual offender, driving while revoked, and operating a motor vehicle without the owner's consent. The matter proceeded to trial by jury. The jury found Royer guilty of all counts except operating a motor vehicle without the owner's consent. The district court ordered the sentences for leaving the scene of the accident causing injury to be served consecutively to the sentence for operating while intoxicated. The district court ordered the remainder of the sentences to be served concurrently with the sentence for operating while intoxicated. Royer timely filed this appeal.

## II.

### A.

Royer first challenges several related evidentiary rulings. Specifically, Royer contends it was error for the district court to allow Archer and Pearston to testify Royer refused to submit to PBTs. Evidentiary rulings are reviewed for an abuse of discretion. *State v. Rodriquez*, 636 N.W.2d 234, 239 (Iowa 2001). "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (quoting *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997)).

We find no abuse of discretion here. A recent decision of this court upheld the admissibility of evidence showing the defendant refused to submit to a PBT. *See State v. Smidl*, No. 12-2182, 2014 WL 69751, at *2 (Iowa Ct. App. Jan. 9,

2014) ("Evidence of a decision to take a PBT or a refusal to submit to a PBT, however, is not deemed inadmissible under section 321J.5(2)."). It is well established "[a]dmissions may be implied by the conduct of a defendant subsequent to a crime when such conduct indicates a consciousness of guilt." *Id.* (citing *State v. Nance*, 533 N.W.2d 557, 562 (Iowa 1995)). The jury was free to infer from Royer's refusal to take the PBTs that he knew he was intoxicated. *See id.* (stating "evidence of Smidl's refusal to submit to a PBT was admissible to show her consciousness of guilt"). We decline Royer's request to depart from our prior decision.

Even if the testimony were improper, the error was not prejudicial. *State v. Redmond,* 803 N.W.2d 112, 127 (Iowa 2011) ("An erroneous evidentiary ruling is harmless if it does not cause prejudice."). There was overwhelming evidence of Royer's intoxication, including testimony from Archer, Pearston, and treating paramedics, all of whom observed Royer shortly after the accident. In addition, the jury was also shown video footage of Royer taken in the hours immediately after the accident. The evidence showed Royer was unsteady on his feet, displayed slurred and slowed speech, and was agitated. Officers also found a vodka bottle on the driver's side floorboard of the car Royer was driving and empty vodka bottles and a beer can in the vehicle. Under the circumstances, any error was not prejudicial to the defendant.

B.

Related to his first claim, Royer next argues the prosecutor engaged in misconduct or committed error in eliciting Archer's testimony that Royer could

prove his sobriety by taking the PBT.[1] He also claims the prosecutor engaged in misconduct when, during closing arguments, the prosecutor referred to Royer's refusal to submit to PBTs.

The error was not preserved for our review. Royer moved in limine to exclude the challenged testimony. The district court overruled the motion, concluding Archer's testimony was relevant and not unfairly prejudicial. If Archer were challenging the admissibility of the evidence, he arguably may have preserved the issue for appellate review depending on the definitiveness of the ruling on the motion in limine. The district court's ruling on the motion in limine, however, did not preserve Royer's claim of prosecutorial misconduct with respect to Archer's testimony. At the time the evidence was offered, trial counsel did not object to the evidence and did not move for mistrial. Error was thus not preserved. *See State v. Neiderbach*, 837 N.W.2d 180, 209 (Iowa 2013) (discussing error preservation for claims of prosecutorial misconduct).

To the extent Royer is claiming the prosecutor also committed error when referring to this same testimony during closing arguments, the error is also not preserved. Trial counsel objected to the prosecutor's statements, and the district court sustained the objection. Archer failed to move for mistrial on this ground. Error was not preserved on this claim. *See State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011) (requiring a defendant to move for mistrial after a sustained objection to preserve claim of prosecutorial misconduct); *State v. Romeo*, 542 N.W.2d 543, 552 (Iowa 1996) (requiring the defendant make an objection to the

---

[1] While the analysis for prosecutorial error and prosecutorial misconduct are the same, the phrase prosecutorial error should be used to describe instances of mistake, human error, or poor judgment. *See State v. Schlitter*, 881 N.W.2d 380, 394 (Iowa 2016).

alleged error and make a record for appellate review in order to preserve a prosecutorial error claim).

C.

In his third claim of error, Royer contends the district court should have granted two motions for mistrial. One motion for mistrial was made after Archer testified Royer "was currently barred in the State of Iowa for being a habitual violator, and he was also under revocation for an OWI, previous OWI, and I believe those are the two infractions." The second motion was made after the owner of the vehicle Royer was driving, Chinberg, testified Royer was previously arrested for driving without a license. The basis for the motion was the testimony was inadmissible prior acts evidence.

This court reviews motions for mistrial for an abuse of discretion. *State v. Newell*, 710 N.W.2d 6, 32 (Iowa 2006). "[A] court is found to have abused its discretion only when defendant shows prejudice which prevents him from having a fair trial." *State v. Callender*, 444 N.W.2d 768, 770 (Iowa Ct. App. 1989) (citing *State v. Trudo*, 253 N.W.2d 101, 106 (Iowa 1977)).

In determining whether the district court abused its discretion in denying the motion for mistrial, we must address the merits of the underlying evidentiary issue. Royer argues evidence of his prior conviction and arrest was inadmissible prior-acts evidence under Iowa Rule of Evidence 5.404(b)(1). However, this rule of evidence does not require the court to "exclude all evidence of other crimes, wrongs, or acts." *State v. Wilson*, 878 N.W.2d 203, 211 (Iowa 2016). Instead, evidence of other crimes, wrongs, or acts are admissible if "relevant to a legitimate, disputed factual issue." *State v. Putman*, 848 N.W.2d 1, 9 (Iowa

2014) (citing *State v. Sullivan*, 679 N.W.2d 19, 25 (Iowa 2004)). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Putman*, 848 N.W.2d at 9 (quoting Iowa R. Evid. 5.401). The relevancy determination is the first step in a three-step test. *Id.* at 8. "There also 'must be clear proof the individual against whom the evidence is offered committed the bad act or crime.'" *Id.* at 9 (quoting *Sullivan*, 679 N.W.2d at 25). If the evidence is relevant and there is clear proof the defendant committed the act or crime, then the probative value of the evidence must be considered against the potential for unfair prejudice. *Id.*

Archer's testimony was relevant to a legitimate, disputed factual issue and admissible. Archer testified Royer was barred as a habitual offender and Royer was under revocation due to a past OWI. In this case, Royer was charged with operating while barred as a habitual offender and charged with driving under revocation. Royer's status of having his license barred and revoked for operating while intoxicated were thus necessary elements of the State's case. *See State v. Elsberry*, No. 06-0597, 2007 WL 461316, at *1 (Iowa Ct. App. Feb. 14, 2007). The probative value of the evidence outweighed any potential for unfair prejudice because this evidence was directly relevant to elements of the State's case.

Royer contends the evidence was unduly prejudicial because no testimony was necessary to prove he was barred as a habitual offender or his license was revoked pursuant to 321J because he stipulated to these facts. The argument is unavailing. First, Royer did not stipulate to these facts until after Archer testified. More important, the defendant cannot control the State's

presentation of its case by stipulating to facts; a defendant's stipulation to certain facts does not preclude the State from introducing evidence of the same. Because Royer's barred status as a habitual offender and revoked status as a result of a 321J violation were both elements of the offenses charged, Archer's testimony was admissible and not unduly prejudicial.

For similar reasons, we have little trouble concluding Chinberg's testimony was relevant and admissible. Royer was charged with operating a motor vehicle without the owner's consent. Jury instruction number twenty-three required the state to prove: "1. On or about December 26, 2015, the defendant intentionally took possession or control of a motor vehicle belonging to Diane Irene Chinberg. 2. The possession or control was without consent of Diane Irene Chinberg." Chinberg testified she learned Royer was previously arrested for driving without a license. The testimony explained when and why Chinberg revoked her consent for Royer to drive her vehicle:

> Q: Did you explicitly tell him that he was not allowed to drive the vehicle? A: Yes, multiple times.
> Q: Do you remember the first occasion that you told him he was not allowed to drive it? A: I don't recall.
> Q: Do you know approximately when it was? A: After he was arrested. I can't remember the exact date. The car was put in impound.

Because when Chinberg revoked her consent for Royer to operate her vehicle was relevant to the State's second required element and she could remember when she revoked her consent relative to the arrest, the past arrest is relevant to count IV, operating a motor vehicle without the owner's consent. The testimony is not unfairly prejudicial, and thus, it was admissible.

The district court has broad discretion in ruling on a motion for mistrial. *Fry v. Blauvelt*, 818 N.W.2d 123, 132 (Iowa 2012). We will intervene only where the discretion has been clearly abused. *Newell*, 710 N.W.2d at 32. Here, the district court allowed into evidence testimony regarding essential elements of the charged offenses. The district court did not abuse its discretion when denying a mistrial based on this testimony.

D.

Royer's fourth and fifth claims of error relate to his conviction for driving while barred. Specifically, Royer contends the proof of mailing notice of the bar is an element of driving while barred, the district court erred in denying his requested instruction to that effect, and there was insufficient evidence to prove the State mailed notice of the bar. "Our standard of review on issues of jury instructions is for errors at law." *State v. Anderson*, 636 N.W.2d 26, 30 (Iowa 2001) (citing *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000)). Our review of the sufficiency of the evidence is for the correction of legal error. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). We will affirm the conviction where supported by substantial evidence. *See State v. Bash*, 670 N.W.2d 135, 137 (Iowa 2003).

Our court recently resolved an inconsistency in our case law regarding the issue of whether mailing notice of the bar is an element of the offense of driving while barred. We held the offense of driving while barred is comprised of two elements: 1) operating a motor vehicle 2) while barred. *See State v. Williams*, No. 16-0894, 2017 WL 3524729, at *5 (Iowa Ct. App. Aug. 16, 2017). "Notice is thus not an element of the offense of driving while barred as defined by chapter

321." *Id.* at *4. The district court did not err in declining the requested instruction. On the correct instructions given, there was sufficient evidence to support the conviction. There was overwhelming evidence Royer was driving on the date in question, including the testimony of his passenger, Hall. And Royer stipulated the barment was in effect on the date of the offense within the meaning of the relevant statute. We need not dwell on these claims any further.

E.

Royer's next challenges his conviction for driving while revoked.

He first claims the district court erred in refusing to submit his proposed marshaling instruction for driving under revocation. The proposed instruction provided as follows:

1. On or about the 26th day of December, 2015, in Dallas County, Iowa, the defendant operated a motor vehicle,
2. Upon the public streets and highways of the State of Iowa,
3. While his license was revoked by the Iowa Department of Transportation [DOT].
4. The DOT provided notice of the revocation to the address last reported by the Defendant to the DOT.

The instructions do not accurately state the law. Royer's instruction fails to note the revocation must be for a chapter 321J offense and erroneously adds mailing of notice as an element. *See State v. Kennedy*, 846 N.W.2d 517, 521 (Iowa 2014) (stating "the State must prove [defendant] drove a motor vehicle while his license was revoked due to a violation of chapter 321J"). Because Royer's proposed instructions do not accurately state the law, the district court correctly refused them. *Gardner v. Wandersee*, No. 06-0454, 2007 WL 1062947, at *1 (Iowa Ct. App. Apr. 11, 2007).

Royer also challenges the sufficiency of the evidence supporting his conviction for driving while revoked. Royer contends the State was required to prove notice of revocation was mailed to the defendant. We disagree. As with driving while barred, driving while revoked has only two elements. The elements are: 1) operating a motor vehicle 2) while revoked due to a violation of chapter 321J. *See Kennedy*, 846 N.W.2d at 521. With respect to the first element, Royer's blood was found in the vehicle on the driver's side and the passenger testified Royer was driving. With regard to revoked status, Royer stipulated his driving privileges were revoked on the date in question. The claim is without merit.

### F.

Finally, Royer argues the district court failed to provide a statement of reasons explaining why Royer's sentence for leaving the scene of an accident causing injury (Count II) be served consecutive to the other sentences. The State concedes the error on this issue and requests the matter be remanded for resentencing. We agree with the concession and remedy. *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (requiring the district court to identify reason or reasons for imposing consecutive sentences).

### III.

For the foregoing reasons, this court affirms Royer's convictions. We vacate Royer's sentence for leaving the scene of an accident causing injury (Count II) and remand this matter for a resentencing hearing on that count.

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND REMANDED.**